IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCOS O. MOSELEY, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:17-cv-3004-B (BT) |
| § | |
| LORIE DAVIS, *Director*, TDCJ-CID § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Marcos Moseley, a Texas prisoner, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the petition should be dismissed as barred by the statute of limitations.

I.

Petitioner challenges his 2007 conviction for murder and resulting life sentence. *State of Texas v. Macros O. Moseley*, No. F06-71752-RL (5th Crim. Dist. Ct., Dallas County, Tex., Dec. 7, 2007). On February 23, 2009, the Fifth District Court of Appeals affirmed his conviction and sentence. *Moseley v. State*, Nos. 05-07-01770-CR (Tex. App. – Dallas 2009, pet. ref'd), 2009 WL 428487. On August 19, 2009, the Court of Criminal Appeals refused his petition for discretionary review. PDR No. 0351-09. On June 30, 2017, Petitioner filed a state habeas petition, *Ex parte Moseley*, No. 87,189-01, which the Court of Criminal Appeals dismissed as non-compliant on August 9, 2017.

1

On October 24, 2017, Petitioner filed his § 2254 petition in federal court, in which he argues the evidence was legally and factually insufficient to support the conviction.

II.

## A.     Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]     The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on August 19, 2009. The conviction became final ninety days later, on November 17, 2009. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until November 17, 2010, to file his federal petition.

The filing of a state petition for writ of habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On June 30, 2017, Petitioner filed a state habeas petition. The petition, however, was filed after the AEDPA limitations period expired, and it therefore did not toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner was required to file his federal petition by November 17, 2010. He did not file his petition until October 24, 2017—almost *seven years* after limitations expired. His petition is therefore untimely.

**B.    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158

3

F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir .1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Petitioner has made no argument that he is entitled to equitable tolling. He has failed to establish that he was misled by the State or prevented in some extraordinary way from asserting his rights. He is therefore not entitled to equitable tolling.

### III.

The petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed December 27, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).